# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>CONSTELLATION ENTERPRISES, LLC., *et al.*,<br><br>Debtors.[1] | **Chapter 7**<br><br>Case No. 16-11213 (CSS)<br>(Jointly Administered) |
| DAVID W. CARICKHOFF, solely in his capacity as chapter 7 trustee for the estate of COLUMBUS STEEL CASTINGS COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CATERPILLAR, INC.,<br><br>Defendant. | Adv. No. _____ |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548 AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") of Columbus Steel Castings Company ("Columbus Steel"), by and through his undersigned counsel, files this complaint (the "Complaint") against Caterpillar, Inc. (the "Defendant") to avoid and recover preferential transfers and fraudulent transfers and to disallow any claims held by the Defendant. In support of this Complaint, the Trustee hereby alleges as follows:

---

[1] The debtors in the above-captioned chapter 7 cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Constellation Enterprises LLC (9571); JFC Holding Corporation (0312); The Jorgensen Forge Corporation (1717); Columbus Holdings Inc. (8155); Columbus Steel Castings Company (8153); Zero Corporation (0538); Zero Manufacturing, Inc. (8362); Metal Technology Solutions, Inc. (7203); Eclipse Manufacturing Co. (1493); and Steel Forming, Inc. (4995) (collectively, the "Debtors").

**NATURE OF THE CASE**

1.      This action is commenced pursuant to 11 U.S.C. §§ 547, 548 and 550 to avoid and recover from the Defendant transfers made by Columbus Steel to the Defendant during the 90-day period prior to the commencement of the Debtors' bankruptcy cases.

2.      The Trustee also seeks, pursuant to 11 U.S.C. § 502(d), to disallow any claim that the Defendant has filed or asserted against Columbus Steel. The Trustee does not waive but hereby reserves all of his rights and the rights of the Debtors to object to any such claim for any reason.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and 157.

4.      This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with Article III of the United States Constitution.

5.      Venue of this adversary proceeding is proper in this district pursuant to 28 U.S.C. § 1409.

6.      The statutory predicates for the relief sought herein are sections 502, 547, 548 and 550 of title 11 of United States Code (the "Bankruptcy Code") and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

7.      Pursuant to Rule 7008 of the Bankruptcy Rules, the Trustee consents to the entry of final orders or judgment by this Court in this adversary proceeding.

**BACKGROUND AND THE PARTIES**

8. On May 16, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

9. On September 27, 2017, the Court entered an Order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code, effective October 2, 2017.

10. The Trustee was appointed as chapter 7 trustee of the Debtors pursuant to section 701(a) of the Bankruptcy Code.

11. Pursuant to the *Declaration of Timothy B. Stallkamp in Support of Chapter 11 Petitions and First Day Motions* (the "Stallkamp Declaration"), the Debtors operated 4 separate businesses including a "Columbus Castings" business that was operated by Columbus Steel.

12. Pursuant to the Stallkamp Declaration, less than a month before the Petition Date, Columbus Castings had over 750 employees and was the largest single site steel foundry in North America, manufacturing castings for freight and passenger rail cars locomotives, mining equipment, industrial magnets, construction equipment, and heavy industrial industries.

13. On or about May 9, 2016, as a result of continuing losses, Columbus Castings, ceased all production operations.

14. According to the Schedules of Assets and Liabilities filed by Columbus Steel, as of the Petition Date, Columbus Steel had assets of $92,526,830.40 and liabilities of $168,689,052.34.

15. The Defendant, upon information and belief, is a Delaware corporation.

16. The Defendant received a transfer aggregating $174,235.13 (the "Transfer") from Columbus Steel during the ninety-day period prior to the Petition Date (the "Preference Period").

17. The Transfer was made to satisfy antecedent debt that was incurred with respect to transactions between Columbus Steel and the Defendant.

18. The Transfer was made via check number 129783, which cleared Columbus Steel's bank account on February 16, 2016.

19. Upon information and belief, the Transfer relates to transactions at the Defendant's axle plant located in Winston Salem, North Carolina.

20. Upon information and belief, the Transfer was related to a refund related to goods shipped on or about September 9, 2014 in connection with (a) purchase order 4500030302, (b) supplier code D108SO, and (c) order numbers 83626-1 and 84390-1.

21. On information and belief, at the time the Transfer was made, Columbus Steel was insolvent, and is presumed to have been insolvent on and during the ninety days prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

## COUNT ONE
**(Avoidance and Recovery of Prepetition Transfers Pursuant to 11 U.S.C. § 547(b))**

22. The Trustee repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

23. Within the Preference Period, Columbus Steel made or caused to be made the Transfer to the Defendant.

24. Columbus Steel had an interest in the Transfer.

25. The Defendant was a creditor of Columbus Steel at the time of the Transfer.

26. The Transfer was made to or for the benefit of the Defendant.

27. The Transfer was made for or on account of antecedent debt owed by Columbus Steel before the Transfer was made.

28. The Transfer either reduced or fully satisfied a preexisting debt or debts owed by Columbus Steel to the Defendant.

29. Columbus Steel was insolvent on the date of the Transfer, and is presumed to have been insolvent on and during the ninety days prior to the Petition Date pursuant to 11 U.S.C. § 547(f).

30. As a result of the Transfer, the Defendant received more than it would have received (a) through this chapter 7 case; (b) if the Transfers had not been made; and (c) if Defendant received payment on account of such debt to the extent provided by the provisions of the Bankruptcy Code.

31. The Transfers are avoidable pursuant to 11 U.S.C. § 547(b).

## COUNT TWO
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

32. The Trustee repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

33. To the extent that one or more of the Transfers identified was not made on account of an antecedent debt, was a prepayment for goods and/or services which were never provided or which the value of such goods and/or services did not constitute reasonably equivalent value in exchange for such Transfer, and/or was a debt incurred by one of the other Debtors but paid by Columbus Steel, the Trustee pleads in the alternative that Columbus Steel did not receive reasonably equivalent value in exchange for the Transfer; and

    (a) Columbus Steel was insolvent as of the date of the Transfer, or became insolvent as a result of the Transfers;

(b) Columbus Steel was engaged, or about to engage, in business or a transaction for which any property remaining with Columbus Steel was an unreasonably small capital; or

(c) Columbus Steel intended to incur, or believed it would incur, debts beyond its ability to pay upon maturity.

34. Based the foregoing, the Transfer is avoidable pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT THREE
### (Recovery of Transfers – 11 U.S.C § 550(a))

35. The Trustee repeats each and every allegation previously set forth in this complaint as if fully set forth herein.

36. Upon information and belief, the Defendant was the initial or subsequent transferee of the Transfer, and/or the party for whom the Transfer was intended.

37. As a result, the Defendant is obligated to return the Transfer to the Trustee pursuant to 11 U.S.C. § 550.

## COUNT FOUR
### (Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

38. The Trustee repeats each and every allegation previously set forth in this Complaint as if fully set forth herein.

39. In the event that Defendant is adjudged to be liable for the Transfer, or any portion thereof, any claims held by the Defendant against Columbus Steel must be disallowed unless, and until, the Defendant pays the amount of its liability to the Columbus Steel's estate.

40. As a result, pursuant to § 502(d) of the Bankruptcy Code, any claims held by Defendant against Columbus Steel should be disallowed to the extent that Defendant is adjudged to be liable for any transfer of Columbus Steel's property.

## **CONCLUSION**

WHEREFORE, for the forgoing reasons, the Trustee demands judgment against Defendant as follows:

A. Avoiding the Transfer pursuant to 11 U.S.C. § 547(b);

B. Avoiding the Transfer pursuant to 11 U.S.C. § 548(a);

C. Allowing the recovery of the monetary value of the Transfer, plus interest pursuant to 11 U.S.C. § 550(a);

D. Disallowing any claims, pursuant to 11 U.S.C. § 502(d), held by the Defendant against Columbus Steel to the extent that Defendant is adjudged to be liable for any transfer of the Debtor's property as sought herein;

E. Awarding interest from the date of the Complaint;

F. Awarding attorneys' fees and costs; and

G. For such other and further relief as the Court deems just and proper.

Dated: September 26, 2018          By:   /s/ Alan M. Root
                                                                         Alan M. Root (No. 5427)
                                                                         S. Alexander Faris (No. 6278)
                                                                         ARCHER & GREINER, P.C.
                                                                         300 Delaware Ave., Suite 1100
                                                                         Wilmington, DE 19801
                                                                         Telephone: (302) 777-4350
                                                                         Facsimile: (302) 777-4352
                                                                         Email: aroot@archerlaw.com
                                                                                      afaris@archerlaw.com

- and -

Gerard DiConza
Jeffrey Traurig
ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel:   (212) 682-4940
Email: gdiconza@archerlaw.com
          jtraurig@archerlaw.com

*Counsel for David W. Carickhoff,
Chapter 7 Trustee of Columbus Steel
Castings Company*

215241356v1